TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    718) 762-1324
Fax:    (718) 762-1342
*Attorney for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

WEIYAN XING and
SHIFEI SI a/k/a SOFIA SI,
*on behalf of themselves and others similarly situated*
　　　　　　　　　　　　　　　　Plaintiff(s),

　　　　　　　　v.

FISHION INC.
　　　　d/b/a Fishion Herb Center and
CHIEH-MING HUANG
　　　　　　　　　　　　　　Defendants.
------------------------------------------------------------x

**Case No: 15-cv-10184**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

　　　　Plaintiffs WEIYAN XING and SHIFEI SI a/k/a SOFIA SI, (hereafter referred to as

"Plaintiff"), on behalf of themselves and other similarly situated, by and through their attorney,

Troy Law, PLLC, hereby bring this complaint against Defendants FISHION INC. d/b/a Fishion

Herb Center and CHIEH-MING HUANG and allege as follows:

**<ins>INTRODUCTION</ins>**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly

    situated employees against Defendants for alleged violations of the Federal Labor Standards

    Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising

    from Defendants' various willful and unlawful employment policies, patterns and/or

    practices.

2. Defendants have unlawfully failed to pay wages free and clear and also have unlawfully

reduced wages that they paid to Plaintiffs through paycheck deductions and by requiring Plaintiffs to bear Defendants' business expenses.

3. As a result of the failure to pay wages free and clear, kickbacks, and illegal deductions, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL.

4. Additionally, FISHION INC. d/b/a Fishion Herb Center has advertised to customers that gratuity is included in the cost of its massage services. However, FISHION INC. d/b/a Fishion Herb Center employees do not receive the total proceeds of any such gratuity. Instead they receive only a portion of such gratuity, if any is charged to the customer.

5. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

6. Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

7. Plaintiffs allege pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) unreimbursed expenses, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

8. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants:   (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3)

unpaid compensation, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants'

failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five

thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that

accurately and truthfully lists employee's hours along with the name, employer's name,

employer's address and telephone number, employee's rate or rates of pay, any deductions

made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum

of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the

amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred

percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple

prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees

and costs.

## JURISDICTION AND VENUE

9.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C.

    §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor

    Law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and

    (c), because Defendants conduct business in this District, and the acts and omissions giving

    rise to the claims herein alleged took place in this District.

## PLAINTIFFS

11. Plaintiff SHIFEI SI a/k/a SOFIA SI ("SI") was employed by FISHION, INC. d/b/a Fishion

    Herb Center located at 107 Mott Street Rear, New York, NY 10013 from 2007 to November

30, 2015.

12. Plaintiff WEIYAN XING ("XING") was employed by FISHION, INC. d/b/a Fishion Herb Center located at 107 Mott Street Rear, New York, NY 10013 from December 23, 2011 to November 29, 2015.

## **DEFENDANTS**

*Corporate Defendant*

13. Defendant FISHION, INC. d/b/a Fishion Herb Center is a domestic business corporation organized under the laws of the State of New York with a principal address at 107 Mott Street/Rear, New York, NY 10013.

14. Upon information and belief, FISHION, INC. d/b/a Fishion Herb Center is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15. Upon information and belief FISHION, INC. d/b/a Fishion Herb Center purchased and handled goods moved in interstate commerce.

16. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by FISHION, INC. d/b/a Fishion Herb Center.

*Owner/ Operator Defendants*

17. Upon personal knowledge of Plaintiffs, CHIEH-MING HUANG is the owner who is in charge of all areas of the restaurant, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at FISHION, INC. d/b/a Fishion Herb Center.

18. Upon personal knowledge of Plaintiffs, CHIEH-MING HUANG acted intentionally and

maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with FISHION, INC. d/b/a Fishion Herb Center.

19. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## **STATEMENT OF FACTS**

20. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

21. Between July 24, 2009 and December 30, 2013, the relevant New York State minimum wage is $7.25.

22. Between December 31, 2013 and December 30, 2014, the relevant New York State minimum wage is $8.00.

23. Between December 31, 2014 and December 30, 2015, the relevant New York State minimum wage is $8.75.

### *Plaintiff SHIFEI SI a/k/a SOFIA SI*

24. From on or about 2007 to November 30, 2015, Plaintiff SHIFEI SI a/k/a SOFIA SI was employed by Owner/Operator Defendant CHIEH-MING HUANG to work as a masseur for FISHION INC. d/b/a Fishion Herb Center located at 107 MOTT STREET, REAR, NEW YORK, NY 10013.

25. At all relevant times, Plaintiff SHIFEI SI A/K/A SOFIA SI's regular work schedule ran from:

    a.   from 09:00 to 20:00 for eleven (11) hours a day for six days a week, with Tuesdays off, for sixty six (66) hours each week.

26.  At all relevant times, Plaintiff SHIFEI SI A/K/A SOFIA SI worked around sixty six (66) hours each week.

27. At all relevant times, Plaintiff SHIFEI SI A/K/A SOFIA SI was paid a flat compensation of four hundred and eighty dollars ($480) every week.

28. Plaintiff SHIFEI SI A/K/A SOFIA SI was not given a fixed time for lunch or dinner.

29. Plaintiff SHIFEI SI A/K/A SOFIA SI was also not informed of her hourly pay rate or any tip deductions toward the minimum wage, and she was not paid overtime pay for overtime work.

30. Defendants never informed Plaintiff that there were taking tip credit towards the minimum wage.

31. Pursuant to NYCRR Part 146-2.2 and 29 USC 203 (m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

32. Further, Defendants in their Employee Handbook, expressly prohibits employee masseurs, including Plaintiffs, to ask for tips.

33. In November 2011, Defendants posted a warning letter, warning employee masseurs from asking for tips, asking masseurs to seek employment elsewhere should they attempt to seek tips from customers.

34. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

35. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

36. Defendant FISHION INC. d/b/a Fishion Herb Center advertises and promotes its massage services through quotes that include gratuities for workers.

37. As a result, Plaintiff SHIFEI SI A/K/A SOFIA SI never received the entirety of the tips meant for her.

38. Defendants failed to obtain proper authorizations for making these deductions from Plaintiff SHIFEI SI A/K/A SOFIA SI's wages where such authorization was required by the law.

39. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

40. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

41. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

42. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiff's primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

43. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

44. Defendants did not post the required New York State Department of Labor posters regarding

minimum wage pay rates, overtime pay, tip credit, and pay day.

**Plaintiff WEIYAN XING**

45. From on or about December 23, 2011 to November 29, 2015, Plaintiff WEIYAN XING was employed by Owner/Operator Defendant CHIEH-MING HUANG to work as a masseur for FISHION INC. d/b/a Fishion Herb Center located at 107 MOTT STREET, REAR, NEW YORK, NY 10013.

46. At all relevant times, Plaintiff WEIYAN XING's regular work schedule ran from:

    a.  from 10:00 to 20:00 for ten (10) hours a day for six days a week, with Wednesdays off, for sixty (60) hours each week.

47.  At all relevant times, Plaintiff WEIYAN XING worked around sixty (60) hours each week.

48. At all relevant times, Plaintiff WEIYAN XING was paid a flat compensation of three hundred and sixty ($360) every week.

49. Plaintiff WEIYAN XING was not given a fixed time for lunch or dinner.

50. Plaintiff WEIYAN XING was also not informed of her hourly pay rate or any tip deductions toward the minimum wage, and she was not paid overtime pay for overtime work.

51. Defendants never informed Plaintiff that there were taking tip credit towards the minimum wage.

52. Pursuant to NYCRR Part 146-2.2 and 29 USC 203 (m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

53. Further, Defendants in their Employee Handbook, expressly prohibits employee masseurs, including Plaintiffs, to ask for tips.

54. In November 2011, Defendants posted a warning letter, warning employee masseurs from

asking for tips, asking masseurs to seek employment elsewhere should they attempt to seek tips from customers.

55. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

56. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

57. Defendant FISHION INC. d/b/a Fishion Herb Center advertises and promotes its massage services through quotes that include gratuities for workers.

58. As a result, Plaintiff WEIYAN XING never received the entirety of the tips meant for her.

59. Defendants failed to obtain proper authorizations for making these deductions from Plaintiff WEIYAN XING's wages where such authorization was required by the law.

60. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

61. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

62. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

63. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiff's primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as

part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

64. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

65. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Fraudulent Tax Filings*

66. Further, Defendants have caused FISION, INC. d/b/a Fishion Herb Center employees to exchange cash for the company check.

67. Plaintiff SHIFEI SI was caused to give Defendants eight hundred dollars ($800) in cash in return for seven hundred thirty eight dollars and eighty cents ($738.80) after tax.

68. Plaintiff WEIYAN XING was caused to give Defendants six hundred dollars ($600) in cash in return for five hundred and sixteen dollars and ten cents ($516.10) after tax.

69. Upon personal knowledge of both Plaintiffs, the cash/ check exchange has nothing to do with their actual earnings.

70. Upon information and belief, the cash/ check exchanges direct by Defendants were established to minimize Defendants' tax liability and optimize Defendants' earnings.

## COLLECTIVE ACTION ALLEGATIONS

71. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt masseurs who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum

wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

72. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

73. All said persons, including Plaintiffs, are referred to herein as the "Class."

74. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

75. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

76. There are questions of law and fact common to the Class which predominate over any

questions affecting only individual class members, including:

 a. Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

 b. Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

 c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

 d. Whether Defendants has improperly deducted a portion of tips included in the quoted massage charge to customers that belong in its entirety to Plaintiffs and the Class;

 e. Whether Defendants required kickbacks from Plaintiff and New York Class Members as a requirement for employment;

 f. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

 g. Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

 h. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

 i. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday;

 j. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

77. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

78. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

79. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the

individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

80. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

## COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

81. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

83. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

84. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

87. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

88. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

89. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

90. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

91. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

92. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

93. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

94. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and

Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

95. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

96. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

97. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV.**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

98. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

99. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

100.   At all relevant times, Defendants had a policy and practice of refusing to pay the

overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiff

and the class are entitled to.

101.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

102.   Defendants' failure to pay Plaintiffs were not in good faith.


## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

103.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

104.   The NYLL requires employers to pay an extra hour's pay for every day that an employee

works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et*

*seq.*, and New York State Department of Labor regulations §146-1.6.

105.   Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.


## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and Rule 23 Class]

106.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

107.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30)

minutes for employees who work a shift of more than six hours extending over the noon day

meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of

at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues

later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the

beginning and end of the shift for employees whose shift lasts more than six hours and starts

between 1 p.m. and 6 a.m. NYLL§ 162.

108. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs and the Rule 23 class work or worked.

109. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

110. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on behalf of Plaintiff and Rule 23 Class]

111. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

112. Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

113. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

114. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

115. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

116.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

117.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

118.   Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

119.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

120.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

121.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

122.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

123.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

124.   Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT X.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

125.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.   26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

127.   Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349
### Brought on behalf of the Plaintiff]

128.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

129.   NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

130.   Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

131.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the

nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due to Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)  Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated deliverymen in the purchase, maintenance and repair of their delivery auto-bicycle in direct service of Defendants;

k)  An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)  An award of civil damages for Defendants' fraudulent filings of IRS returns and deceptive acts and practices pursuant to 26 USC §7434 and NYGBL §349;

n)  The cost and disbursements of this action;

o)  An award of prejudgment and post-judgment fees;

p)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)      Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York
January 8, 2016

TROY LAW, PLLC
*Attorney for the Plaintiffs, proposed FLSA*
*Collective and Proposed Class Plaintiffs*


  /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
Email: johntroy@troypllc.com