## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) WEIYAN XING and SHIFEI SI a/k/a SOFIA SI ("Plaintiffs"), and (ii) FISHION INC. d/b/a Fishion Herb Center and CHIEH-MING HUANG, (collectively, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiffs were employed by Defendants for certain time periods; and

**WHEREAS**, on January 08, 2016, Plaintiffs WEIYAN XING and SHIFEI SI a/k/a SOFIA SI, through their attorneys, Troy Law, PLLC, filed a Complaint (the "Complaint")against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), SDNY Case No. 15-cv-10184 (the "Action"); and

**WHEREAS**, Defendants deny all claims in Plaintiffs' Complaint; and

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiffs have, throughout the negotiation and execution of this Agreement, been represented by their counsel, John Troy, Esq. and Kibum Byun, Esq. of Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324 and email: troylaw@troypllc.com; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Bruce N. Lederman, Esq., 747 Third Avenue, 23rd Floor, New York, NY 10017, Tel: 212 204 6018 and Email: lederman.bruce@gmail.com and

**WHEREAS**, with the assistance of a Court-appointed Mediator, Evan Spelfogel, Plaintiffs' Attorney and Defendants' Attorney, with the approval of their respective clients, have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, Plaintiffs' Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, Plaintiffs acknowledge that they have entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiffs and Defendant, Chieh-Ming Huang have had this entire Agreement read to them through a Mandarin interpreter, and acknowledge that they understand the meaning and effect of the execution of this Agreement.

**THEREFORE,** for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

### 1. Settlement Amount and Method of Payment

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's general release of all claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 4 below, Defendants will provide Plaintiffs with a settlement in the total amount of Seventy Five Thousand Dollars ($75,000.00) (the "Settlement Amount").

The Parties have agreed that one half of each plaintiff's share of the Settlement Amount will be considered wages (W-2 income), and one half will be considered non-wage compensation (1099 income). Based on the last information that Fishion, Inc. had for plaintiffs, Shifei Si will have only social security withheld from one half of her share of the Settlement Amount, and her net "W-2" check will be for $16,427.80. Wei Yan Xing will have Federal, State and City tax withheld as well as social security from one half of her share of the Settlement Amount, and therefore, from her net "W-2" check will be for $6,141.37. An itemized deduction will be provided for Wei Yan Xing and Shifei Si at the time of payment.

If the Court approves the settlement, the checks that will be given in settlement of the case are as follows:

1. John Troy - $25,930.67 (1099);
2. Shifei Si - $17,513.60 (1099);
3. Shifei Si - $16,427.80 (W-2);
4. Wei Yan Xing - $7,021.07 (1099); and
5. Wei Yan Xing - $6,141.37 (W-2).

All checks constituting the Settlement Amount shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within fourteen (14) days of judicial approval of the settlement agreement and shall consist of attorney escrow checks or bank checks.:

### 2.
### Tax

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 3. Full Payment

b) Except as set forth in this Paragraph 1, Plaintiffs are not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees, or in connection with their relationship with Defendants or any of Defendants' shareholders, officers, directors, employees or agents. Plaintiffs acknowledge and agree that unless they enter into this agreement, they would not otherwise be entitled to receive the consideration set forth in Paragraph 1. Additionally, Plaintiffs each acknowledge and agree that after receipt of the consideration set forth in Paragraph 1, they have each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.

c) The payments reflected in Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiffs against Defendants including but not limited to any and all claims arising from or concerning employment or the termination thereof, for actual damages, front pay, back pay, compensatory damages, liquidated damages, physical, mental and emotional injuries and pain and suffering, economic damage, damage to and loss of reputation, punitive damages, interest, attorneys' fees and costs and all claims which were or could have been in Plaintiffs' Complaint and all other related matters.

**4. Mutual Release**

In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of their children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) CHIEH-MING HUANG, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) FISHION INC. d/b/a Fishion Herb Center and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees ("Releasees") from any and all actions, causes of action, claims, debts, losses, obligations, liabilities, charges, grievances, complaints, suits, and/or demands concerning and arising from Plaintiffs' employment with any Defendant, or the termination thereof. This release includes the release for unpaid, inaccurate payment or nonpayment of wages and tips under any federal, state, or local law, including but not limited to federal and New York law (29 U.S.C. §201, *et seq.*, New York Labor Law §§191, 193, 196-d, 198-b, 650, *et seq.*, 652 and 653 and relevant sections of N.Y. Comp. Code R. & Regs.), any attorney fees and expenses, and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiffs may have under this Agreement.

Plaintiffs further agree and understand that they waived their right to recover monetary damages from Defendants in connection with any charge, complaint or lawsuit filed by them or on their behalf arising from, or in any way relating to, their employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, any and all actions, charges, complaints, controversies, demands, causes of action, suits and/or claims, that Defendants have or may have against Plaintiffs, Plaintiffs' heirs, agents, and successors, jointly and severally as of the date the Agreement is signed on behalf of Defendants.

### 5. Discontinuance of Claims

Plaintiffs acknowledge and agree that they are not presently aware of any legal proceeding other than the Action pending between Plaintiffs and/or their representatives and Defendants or the Releasees. Plaintiffs agree to dismiss and withdraw the Complaint and the Action by executing the Stipulation and Order of Dismissal With Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiffs' attorneys shall file by ECF to be So-Ordered by the Court. Plaintiffs shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including but not limited to, any and all claims asserted, or which could have been asserted, in the Complaint.

### 6. Agreement Not to File Suit/Arbitration for Past Acts

Plaintiffs, for and on behalf of themselves and each of their respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request or action to any court or judicial forum (nor will Plaintiffs permit any person, group of persons, or organization to take such action on their behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees arising before execution of this Agreement. Plaintiff further agrees that in the event that any person or entity should bring such a claim, complaint, or action on her behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort understand that the provision of this paragraph mean that she cannot bring a future lawsuit against Defendants arising out of any actions or failures to act arising before Plaintiff's execution of this Agreement.

### 7. Denial of Wrongdoing

Nothing contained in this Agreement, or the fact that Plaintiffs have been paid any remuneration under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiffs, including with respect to Plaintiffs' employment, including Plaintiffs' pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 8. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

The Parties agree that the United States District Court for the Southern District of New York retains jurisdiction to enforce the Settlement Agreement and the Release in this action.

### 9. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 10. Modification

This Agreement may not be changed unless the change is in writing and signed by both Parties.

### 11. General Provisions

The failure of any party to this Agreement to insist on strict adherence or any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsels for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 12. Legal Counsel

Plaintiffs have been advised of their right to consult with an independent attorney before signing this Agreement. Plaintiffs hereby acknowledges that they were fully and fairly represented by Troy Law, PLLC, in connection with the interpretation, review, negotiation and signing of this Agreement.

### 13. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**EACH PLAINTIFF ACKNOWLEDGES THAT THIS ENTIRE AGREEMENT HAS BEEN INTERPRETED INTO MANDARIN, AND THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO**

**IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFFS**

WEIYAN XING

*/s/ Wei Yan Xing*
**Dated:**

SHIFEI SI a/k/a SOFIA SI

*/s/ Shifei Si*
**Dated:**

**DEFENDANTS**

Name: Chieh-Ming Huang
Title: Owner
on behalf of
FISHION INC. d/b/a Fishion Herb Center

*C. M. Hg*

Dated: 1/8/2018

CHIEH-MING HUANG

*C. M. Hg*

Dated: 1/13/2018

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WEIYAN XING and
SHIFEI SI a/k/a SOFIA SI,
*on behalf of themselves and others similarly situated*

Plaintiffs,

v.

FISHION INC.
    d/b/a Fishion Herb Center and
CHIEH-MING HUANG,

Defendants.
------------------------------------------------------------x

Case No. 15-cv-10184

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiffs and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiff or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

TROY LAW, PLLC
*Attorneys for the Plaintiffs*

By: _____
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

*Attorneys for Defendants*

_____
Bruce N. Lederman, Esq.
747 Third Avenue, 23rd Floor
New York, NY 10017
Tel: 212 204 6018

SO ORDERED.

_____