**MEMO ENDORSED**

# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/17/18
```

January 12, 2018

*Via ECF*
Hon. Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
              *Xing et al. v. Fishion Inc. et al., 15-cv-10184 (VEC)*

Dear Judge Caproni:

    The Parties write jointly to report that parties have come to an agreement on settling this matter.

    **I.    Background**

    Plaintiffs WEIYAN XING and SHIFEI SI a/k/a SOFIA SI are former masseuses employed by Defendants FISHION INC. d/b/a Fishion Herb Center and CHIEH-MING HUANG, (collectively, "Defendants"),

    This lawsuit was originally filed on January 08, 2016, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiffs alleged that pursuant to the FLSA, that they are entitled to recover from the Defendants (1) unpaid minimum wage, (2) unpaid overtime wages, (3) unreimbursed expenses, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are  entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid compensation, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum

1

wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs. Defendants deny all of Plaintiff's claims in their entirety.

## II. The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Seventy Five Thousand Dollars ($75,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsel, the guidance of this Court, and the assistance of a Court-appointed mediator, Evan Spelfogel..

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff WEIYAN XING claims that she worked sixty hours (60) and that she was not paid at least one and one half times the rate of regular hourly rate in excess of forty hours (40) in a given workweek. She further claims that she was not paid the minimum wage for all hours worked. Plaintiff SHIFEI SI a/k/a SOFIA SI claims that she worked sixty six hours (66) and that she was not paid at least one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. She further claims that she was not paid the minimum wage for all hours worked.

If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours he worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Plaintiff WEIYAN XING claimed that she worked sixty (60) hours on average each week from December 23, 2011 to November 30, 2015 and that she was paid $360.00 per week. In fact, she was paid between twenty dollars ($20) and six hundred seventy seven dollars ($677) per week during the same period.

Plaintiff WEIYAN XING's claimed minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Forty Seven Thousand Eight Hundred Eighty Seven Dollars ($47,887.00) and her claimed minimum wage, overtime compensation and spread-of-hour shortfall was Seventy Nine Thousand Four Hundred Forty Five Dollars and Fifty Two Cents ($79,448.52) under the NYLL. Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and in New York pre-judgment interest, for Twenty Eight Thousand Five Hundred Fifty One Dollars and Twenty Eight Cents ($28,551.28). The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is One Hundred Ninety Seven Dollars Four Hundred Forty Two Dollars and Thirty Two Cents ($197,442.32).

Plaintiff SHIFEI SI a/k/a SOFIA SI claimed that she worked for sixty (66) hours each week from January 1, 2007 to November 30, 2015 and that she was paid $480.00 per week. In fact, she was paid between one hundred fifteen dollars ($115) and nine hundred forty nine dollars ($949) per week during the same period.

Plaintiff SHIFEI SI a/k/a SOFIA SI's claimed minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Ninety Two Thousand Eighty Eight Dollars and Seventy Five Cents ($92,088.75) and her claimed minimum wage, overtime compensation and spread-of-hour shortfall was One Hundred Ninety Seven Thousand One Hundred Thirty Dollars and Fifty Four Cents ($197,130.54) under the NYLL. Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and in New York pre-judgment interest, for Eighty Eight Thousand Two Hundred Forty Five Dollars and Seventy Cents ($88,245.70). The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Four Hundred Ninety Two Thousand Five Hundred Six Dollars and Seventy Seven Cents ($492,506.77).

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiffs and Defendants agreed to settle for

the proposed settlement amount of Seventy Five Thousand Dollars ($75,000.00) inclusive of attorney fees of the Plaintiff's counsel.

The Damages Calculation for Plaintiffs are attached as Exhibit 2.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiations only, accepted as true, Plaintiffs' allegations of the respective periods of employment, but not the Plaintiffs' claimed hours worked and amount of compensation. Defendants' calculations show that Plaintiffs were paid and are not entitled to any unpaid minimum wage or overtime wages or spread of hours wages. Defendants' compilation of Plaintiffs' hours and compensation is annexed hereto as Exhibit 3. However, Defendants concede that certain notices were not given to Plaintiffs.

Plaintiffs are not entitled to recover compensatory damages under either the Fair Labor Standards Act ("FSLA") or the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. Since there were no unpaid wages, Defendants contend that Plaintiffs are entitled to neither liquidated damages nor attorney fees. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that it had reasonable grounds to believe that its act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that even if, arguendo, their calculations are wrong, their action was in good faith and there was no willful underpayment. As such, Defendants' position is that Plaintiffs are not entitled to any liquidated damages or attorney fees

However, in light of what Plaintiffs are likely to recover based on the failure to give certain notices, and in order to avoid the high cost of paying attorney fees for a trial and any subsequent proceedings, Defendants are willing to settle this case for the total sum of $75,000.00.

### III. The Attorneys' Fees Are Fair and Reasonable

4

Defendants will provide Plaintiffs with a settlement in the amount of Seventy Five Thousand Dollars ($75,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, were documented to the amount of One Thousand Three Hundred Ninety Six Dollars (1,396.00). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Seventy Three Thousand Six Hundred Four Dollars ($73,604.00).

Of the Net Settlement Amount, One Third (1/3), or Twenty Four Thousand Five Hundred Thirty Four Dollars and Sixty Seven Cents ($24,534.67) is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Three Hundred Ninety Six Dollars (1,396.00) for a total of Twenty Five Thousand nine Hundred Thirty Dollars and Sixty Seven Cents ($25,930.67). Of the Net Settlement Amount, Two Thirds (2/3), or Forty Nine Thousand Sixty Nine Dollars and Thirty Three Cents ($49,069.33) is due to Plaintiffs.

Of the Net Settlement Amount due to Plaintiffs, Twenty Eight and Sixty Two Hundredths Percent (28.62%), or Fourteen Thousand Forty Two Dollars and Fourteen Cents ($14,042.14) is due to Plaintiff WEIYAN XING; and Seventy One and Thirty Eight Hundredths Percent (71.38%), or Thirty Five Thousand Twenty Seven Dollars and Nineteen Cents ($35,027.19) is due to Plaintiff SHIFEI a/k/a Sofia Si.

The allocation percentage is determined as follows: By first finding the sum of claimed compensatory damages (FLSA and NYLL) in the damages computed and one liquidated damage (NYLL) for each Plaintiff; plus Time-of-Hire and Paystub violations with prejudgment interest and then finding the total for both Plaintiffs; and finding the weight of each Plaintiff's compensatory and liquidated damages of this total.

The retainer agreements agreed to and signed by Plaintiffs provided that Plaintiffs' counsel could recover between Thirty Five Percent (35%) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of the net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Plaintiffs*

/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel.: 718 762 1324

*Attorneys for Defendants*

Bruce N. Lederman, Esq.
747 Third Avenue, 23rd Floor
New York, NY 10017
Tel: 212 204 6018

The parties' conference scheduled for January 19, 2018 is hereby ADJOURNED sine die. Paragraph 4 of the settlement agreement must be revised so as not to include a general release of all claims, and must be limited to a release of the plaintiffs' federal and state wage and hour claims. Paragraph 6 appears to be redundant given the release in paragraph 4, but if it remains in the agreement, it must be revised in the same manner. Additionally, although the parties' submission references an attachment of billing records, no such records were attached [Dkts. 91, 92]. Accordingly, the parties' are ordered to resubmit the settlement agreement with the requested changes along with the billing records by no later than January 24, 2018.

SO ORDERED.

1/17/18

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE